IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00068-BNB

RAYFEAL R. NUNN,

    Applicant,

v.

HOYT BRILL (Warden of CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -6 2009

GREGORY C. LANGHAM
               CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

This matter is before the Court on the response of Applicant, Rayfeal R. Nunn, to the second order to show cause entered on July 22, 2009. Mr. Nunn is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Denver District Court case numbers 01CR4599 and 02CR1491. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In the July 22 order to show cause, Mr. Nunn was informed as follows:

> This matter is before the Court on the response to the July 2, 2009, order to show cause submitted by Applicant, Rayfeal R. Nunn, and filed with the Court on July 20, 2009. In the response, Mr. Nunn fails to state clearly whether he wishes to dismiss voluntarily only his unexhausted claims (claims one, two, three, four) and proceed with his exhausted claims (claims five and six). The Court will clarify

for Mr. Nunn the consequences of voluntarily dismissing his unexhausted claims and proceeding with his exhausted claims.

The July 2, 2009, show-cause order pointed out to Mr. Nunn that, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.

*See Rose*, 455 U.S. at 522; ***Harris v. Champion***, 48 F.3d 1127, 1133 (10th Cir. 1995).

In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court, both the currently unexhausted and the currently exhausted claims, the habeas action will be dismissed without prejudice as a mixed petition so that the applicant may exhaust state remedies as to the unexhausted claims. He then may file a new application for a writ of habeas corpus asserting all of his claims after he has exhausted state remedies as to each claim.

A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period. ***See Duncan v. Walker***, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").

Mr. Nunn will be afforded a second opportunity to show cause why the instant action should not be dismissed as a mixed petition. Alternatively, the Court will allow Mr. Nunn to dismiss voluntarily his unexhausted claims and to proceed with the exhausted claims. If Mr. Nunn again fails to provide a clear response indicating his intentions, he will have failed to show cause as directed, and the Court will dismiss the instant action as a mixed petition.

Mr. Nunn makes clear in his response to the second show-cause order, filed on July 28, 2009, that he wishes to dismiss voluntarily his unexhausted claims (claims one, two, three, and four) and proceed with his exhausted claims (claims five and six).

Mr. Nunn's six asserted claims are as follows:

> 1. The prosecutor's act of calling a witness was misconduct where the witness repeatedly invoked his Fifth Amendment privilege "not to testify" and the prosecutor knew in advance that the witness would invoke the privilege. Amended application at 12.
>
> 2. There were errors in the grand jury proceedings because (1) an investigator employed by the Office of the Denver District Attorney was present during the proceedings in violation of Colo. R. Crim. P. 6.5(a) and (b), and (2) prejudicial remarks were made by a grand jury member and the prosecutor. Additionally, Mr. Nunn claims that "c.r.s. 63-40-7-46 and colo. rule of criminal procedure 12(b)" are vague and unconstitutional. Amended application at 14-15.
>
> 3. The state violated the Interstate Agreement on Detainers Act (IADA) by not conducting his trial within the 180-day time frame.
>
> 4. The People failed to establish probable cause and the indictment should have been quashed.
>
> 5. The trial court erroneously instructed the jury on the affirmative defense of duress.
>
> 6. The imposition of an habitual criminal sentence violated due process under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Court will dismiss as unexhausted claims one, two, three, and four, and will draw to a district judge and to a magistrate judge exhausted claims five and six. Accordingly, it is

ORDERED that exhausted claims five and six and the application are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that unexhausted claims one, two, three, and four are dismissed voluntarily by Applicant, Rayfeal R. Nunn.

DATED at Denver, Colorado, this 5 day of Aug, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00068-BNB

Rayfeal R. Nunn
Prisoner No. 92789
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/6/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk