IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00068-WYD-MEH

RAYFEAL RAYMOND NUNN,

      Applicant,

v.

HOYT BRILL (Warden of CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER OF DISMISSAL**

---

I.    INTRODUCTION:

Applicant Rayfeal R. Nunn, currently in the custody of the Colorado Department of Corrections and incarcerated at the Kit Carson Correctional Center in Burlington, Colorado, initiated this case on February 24, 2009, with the filing of his *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the Amended Application, Mr. Nunn challenges the validity of his convictions in Denver district court cases 01CR4599 and 02CR1419.

Mr. Nunn initially asserted the following six separate claims for relief, which are as follows:

> 1.    The prosecutor's act of calling a witness was misconduct where the witness repeatedly invoked Fifth Amendment privilege "not to testify" and the prosecutor knew in advance that the witness would invoke the privilege.
>
> 2.    There were errors in the grand jury proceedings because (1) an investigator employed by the

>    Office of the Denver District Attorney was present during the
>    proceedings in violation of Colo. R. Crim. P. 6.5(a) and (b),
>    and (2) prejudicial remarks were made by a grand jury
>    member and the prosecutor.  Additionally, Mr. Nunn claims
>    that "c.r.s. 63-40-7-46 and colo. rule of criminal procedure
>    12(b)" are vague and unconstitutional.
>
>    3.   The state violated the Interstate Agreement on
>    Detainers Act (IADA) by not conducting his trial within the
>    180-day time frame.
>
>    4.   The People failed to establish probable cause
>    and the indictment should have been quashed.
>
>    5.   The trial court erroneously instructed the jury
>    on the affirmative defense of duress.
>
>    6.   The imposition of an habitual criminal sentence
>    violated due process under *Blakely v. Washington*, 542 U.S.
>    296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466
>    (2000).

During this Court's initial review of this habeas corpus action, it issued two show cause orders on July 2, 2009, and July 22, 2009.  These orders explained that Mr. Nunn's first four claims were unexhausted, and in order to avoid dismissal of his application as a mixed petition, he may elect to either (1) dismiss his unexhausted claims and proceed with his two exhausted claims; or, if his wished to pursue all of his claims in federal court, (2) allow the current action to be dismissed without prejudice as a mixed petition so that he may exhaust state remedies as to the unexhausted claims and then file a new application asserting all of his claims.  The show cause orders made clear that a decision to dismiss his unexhausted claims and pursue immediately only his exhausted claims likely would bar him from seeking review of the unexhausted claims in a second or successive application.  In his response to the second show-cause order, filed on July 28, 2009, Mr. Nunn clearly indicated that he wished to dismiss voluntarily

his unexhausted claims (claims one, two, three, and four) and proceed with his exhausted claims (claims five and six).

In its Order to Dismiss in Part and to Draw Case, issued August 6, 2009, this Court dismissed as unexhausted claims one, two, three and four, and directed that claims five and six be drawn to a district judge. The case was drawn to me.

On August 12, 2009, I directed Respondents to file an answer to the amended application, and an answer was filed on October 5, 2009. Mr. Nunn submitted a reply to the answer, two supplements to his reply, and an additional Statement of Authorities. In addition, on October 28, 2010, [ECF No. 37], Mr. Nunn filed a Motion for Leave to Amend his amended application with "newly exhausted claims," and on February 2, 2011, he filed a Motion to Compel [ECF No. 41], and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 42]. For the reasons set forth herein, those motions and the application pursuant to § 2241 will be denied.

I must construe the amended application and other papers filed by Mr. Nunn liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the entire file and the state court record, I find that an evidentiary hearing is not necessary. For the reasons stated below, Mr. Nunn's remaining claims and the action will be dismissed.

II.    FACTUAL AND PROCEDURAL BACKGROUND:

Mr. Nunn was charged with numerous felony counts in two consolidated cases in Denver District Court, case numbers 01CR4599 and 02CR1419. The charges arose

out of his theft and forgery of checks totaling over $130,000 and his use of false identification to cash the checks. At trial, Mr. Nunn admitted that he cashed the forged checks but raised the affirmative defense of duress, asserting that others were threatening to harm him and his family if he did not do so. He was convicted by a jury on forty-seven substantive felony counts, and twelve habitual criminal counts, and sentenced to forty-eight years. (Answer, ex. F:3). The Colorado Court of Appeals affirmed the conviction on April 6, 2006 in *People v. Nunn*, 148 P.3d 222 (Colo. App. 2006). The Colorado Supreme Court denied Mr. Nunn's petition for certiorari review on November 27, 2006, and the mandate issued on December 12, 2006. (Answer, exs. F; H; I).

On April 14, 2006, Mr. Nunn filed a motion for sentence reconsideration, which the trial court denied on May 5, 2006. Also on April 14, 2006, Mr. Nunn filed his first motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c). On May 5, 2006, the trial court directed Mr. Nunn to file an amended Rule 35(c) motion by July 10, 2006, using the proper form, or the motion would be deemed abandoned. However, the register of state court actions does not indicate that Mr. Nunn filed an amended motion. (Answer, ex A:49-50).

Mr. Nunn then filed a second motion for sentence reconsideration on April 11, 2007, which was denied on April 17, 2007. (Answer, ex A:50). Mr. Nunn did not appeal from this denial. He then filed a third motion for sentence reconsideration on August 2, 2007, which the district court construed as a motion for reduction of sentence pursuant to Rule 35(b), and denied on August 8, 2007. (Answer, ex. A:50). Mr. Nunn did not appeal from the denial.

Mr. Nunn filed a second motion for post-conviction relief pursuant to Rule 35(c) on October 1, 2007. That motion was denied on April 9, 2008. Mr. Nunn then filed a motion to reconsider the denial, which was denied on October 22, 2008. (Answer, ex. A:50-51). Mr. Nunn did not appeal from the denial.

On January 22, 2009, ten days after filing the instant action, Mr. Nunn filed a third motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(b)(3)(VI)(a), asserting the existence of newly discovered evidence. On February 18, 2009, the trial court denied the motion. (Answer, ex. A:52). Mr. Nunn appealed this denial, and his notice of appeal mentioned "newly discovered evidence," but offered no further details. The Colorado Court of Appeals issued a show cause order on May 29, 2009, directing Mr. Nunn to explain why his appeal should not be dismissed for failure to deliver the record. As of June 11, 2009, Mr. Nunn had not responded. However, because of the possibility that Mr. Nunn's appeal from the denial of his latest postconviction motion may have addressed issues raised in claims 1-4 of the instant Application, the Application was subject to dismissal as a mixed petition containing claims that were both unexhausted and exhausted. As explained above, during this Court's initial review of this habeas corpus action, Mr. Nunn chose to voluntarily dismissed claims one, two, three, and four and proceed with his exhausted claims five and six.

III.    STANDARD OF REVIEW:

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Nunn seeks to apply a rule of law that was clearly established by the Supreme Court at the time his state court convictions became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412. Furthermore,

>clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

>A state-court decision is contrary to clearly

>established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
>A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2)

allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Nunn bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

IV.   MERITS OF THE CLAIMS:

As noted above, the only claims remaining in this action are claims five and six.

A.   Claim Five:

In claim five, Mr. Nunn asserts that the trial court erroneously instructed the jury on the affirmative defense of duress. Specifically, Mr. Nunn complains that the instruction included the following language: "It is an affirmative defense to the crime of theft, forgery, and criminal impersonation that *the Defendant engaged in the prohibited conduct* at the direction of another person . . . ." On direct appeal, he asserted that the

instruction was defective because it set forth the "prejudicial presumption" that he engaged in "prohibited conduct," thereby depriving him of the presumption of innocence and lessening the prosecution's burden of proof. In the instant Application, he asserts his fifth claim as a violation of his due process rights and his Sixth Amendment right to trial by jury.

It was clearly established when Mr. Nunn was convicted that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970); *see also Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993). As a result, "a jury instruction violates due process if it fails to give effect to that requirement." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

> Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is "'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "'[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" *Boyde v. California*, 494 U.S. 370, 378 (1990) (quoting *Cupp, supra*, at 146-147). If the charge as a whole is ambiguous, the question is whether there is a "'reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle, supra*, at 72 (quoting *Boyde, supra*, at 380).

*Middleton*, 541 U.S. at 437 (parallel citations omitted).

The Colorado Court of Appeals held that the instruction was not legally or constitutionally deficient. The state appeals court reasoned as follows:

> An affirmative defense admits the doing of the act charged

-9-

but seeks to justify, excuse, or mitigate it.  *People v. Huckleberry*, 768 P.2d 1235 (Colo. 1989); *see also People v. Fontes*, 89 P.3d 484, 486 (Colo. App. 2003)("An affirmative defense . . . provides a legal justification for otherwise criminally culpable behavior.").

Section 18-1-708, C.R.S. 2005, provides, as relevant here:

A person may not be convicted of an offense ... based upon conduct in which he engaged at the direction of another person because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been unable to resist. This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be subjected to such force or threatened use thereof.

Here, the jury was given an instruction stating:

It is an affirmative defense to the crimes of theft, forgery and criminal impersonation that the defendant engaged in the prohibited conduct at the direction of another person because of the use or threatened use of unlawful force upon him or upon another person, which a reasonable person in the defendant's situation would have been unable to resist. This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be subjected to such force or threatened use thereof.

This instruction is the pattern instruction found at CJI-Crim. 7:09 (1983), and it is substantially similar to the language of § 18-1-708.  *See People v. Garcia,* 1 P.3d 214 (Colo. App. 1999) (instruction in language of statute is generally considered sufficient), *aff'd,* 28 P.3d 340 (Colo. 2001).

. . .

Fairly read, the reference to "prohibited conduct" in the first sentence of the instruction refers to conduct on which the enumerated charges were based and which is in fact "prohibited" absent the existence of the affirmative defense. This reading is consistent with the nature of an affirmative defense as a legal justification for admitted and "otherwise

-10-

> criminally culpable" behavior.  *See People v. Fontes, supra.*
> It is also consistent with defendant's testimony at trial, where
> he admitted that he had engaged in the conduct on which
> the charges were based and that he knew it was prohibited
> conduct ("Yes, I did know it was criminal activity.").
>
> Thus, the instruction was not "legally and constitutionally
> deficient," as defendant asserts. Further, the instructions as
> a whole-including instructions regarding the presumption of
> innocence and the prosecution's burden to disprove the
> affirmative defense of duress, as well as to prove all the
> elements of the crimes charged, beyond a reasonable doubt-
> adequately instructed the jury and made clear that the
> burden of proof remained on the prosecution. There was
> therefore no violation of defendant's constitutional rights and
> no error, plain or otherwise.  *See People v. Miller,* 113 P.3d
> 743 (Colo. 2005)(plain error standard of review governs
> allegations of constitutional error, including those based on
> instructional omissions or misstatements, in absence of
> contemporaneous objection).

*People v. Nunn*, 148 P.3d 222, 224 (Colo. App. 2006).  I must review Mr. Nunn's claim *de novo* because the claim was not adjudicated on the merits as a federal constitutional claim by the state courts.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).  However, I agree with the state appellate court's reasoning.  Here, the trial court did not violate Mr. Nunn's due process rights in instructing the jury on the affirmative defense of durress because the instruction is consistent with the law on affirmative defenses as justification for engaging in prohibited conduct, and it did not relieve the jury of finding an element of the offense or alter the burden of proof.  Moreover, I find that there is no reasonable likelihood that the jury applied the duress instruction in a way that violated the constitution.  *See Estelle*, 502 U.S. at 72.  The Colorado Court of Appeals' disposition of this issue was not contrary to clearly established federal law.  Therefore, the fifth claim is meritless.

-11-

B.   Claim Six:

In his sixth claim, Mr. Nunn contends that his habitual criminal sentence must be vacated because it was based on facts found by a judge rather than a jury, in contravention of the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  He contends that under the Colorado habitual criminal sentencing scheme, a court must conduct a separate sentencing hearing to determine whether or not the defendant has "suffered such previous felony convictions."  Mr. Nunn asserts violation of his due process rights and his Sixth Amendment right to trial by jury.

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  In *Blakely*, the Supreme Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  *Blakely*, 542 U.S. 303.

The Colorado Court of Appeals rejected Mr. Nunn's claim because his habitual criminal sentenced was based on his prior convictions.  *Nunn*, 148 P.3d at 224-25.  The Colorado Court of Appeals noted that in prior cases it relied on *Apprendi's* prior conviction exception in ruling that habitual criminality may be constitutionally adjudicated by a judge and not a jury, and that the Colorado Supreme Court has concluded that the prior conviction exception articulated in *Apprendi* "remains valid after *Blakely*." *Id.* at 225 (citing *Lopez v. People*, 113 P.3d 713, 723 (Colo. 2005)).  Moreover, the Colorado

Court of Appeals found that any factual determinations made by the trial court concerning whether Mr. Nunn's prior convictions were based on charges separately brought and tried, whether they arose of separate and distinct criminal episodes, and whether Mr. Nunn was the person named in each prior conviction, neither deprived Mr. Nunn of his constitutional rights nor rendered his sentence illegal. *Id.* at 225-28.

The Colorado Court of Appeal's determination on this issue is neither contrary to nor an unreasonable application of federal law, which explicitly excludes the fact of a prior conviction from the rule in *Apprendi*. *See United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005) (holding that *Apprendi*'s exception for prior convictions subsumes inquires into subsidiary issues, such as whether a given conviction constitutes a "violent felony"); *see also United States v. Burgin*, 388 F.3d 177 (6th Cir. 2004) (whether defendant's prior convictions exist and were committed on separate occasions comes within *Apprendi's* exception for a prior conviction); *United States v. Santiago*, 268 F.3d 151 (2d Cir. 2001) (same). Therefore, Mr. Nunn's sixth claim lacks merit and will be denied.

V.      Motion for Leave to Amend

Finally, I address Mr. Nunn's request that he be permitted to amend his application to add several "recently exhausted" claims. In his motion for leave to amend, Mr. Nunn states he seeks to amend the instant application with several claims that were "recently ruled on and exhausted within the state courts." He titles these new claims as (1) prosecutorial misconduct; (2) cumulative errors; (3) violation of the Interstate Agreement on Detainers Act (IADA); (4) criminal impersonation; and (5) ineffective assistance of counsel. Mr. Nunn has filed these same five claims in a new

action in this Court, *Nunn v. Chapman, et al.*, case no. 10-cv-02415, which also attacks consolidated Denver County District Court cases 01CR4599 and 02CR1491. Attached to his motion for leave to amend, he has submitted a document styled "Proposed Amendment" in which he indicates that he seeks to either amend the instant application to add his new claims or consolidate this case with his newly filed case no. 10-cv-02415.

A careful review of the first three "new" claims reveals that they are identical to the first three claims Mr. Nunn initially asserted in this case, which were subsequently dismissed as unexhausted. Specifically, Mr. Nunn seeks to amend this application to assert that (1) the prosecutor's act of calling a witness was misconduct where the witness repeatedly invoked Fifth Amendment privilege "not to testify" and the prosecutor knew in advance that the witness would invoke the privilege (Amended Application at ECF No. 7, p. 12; Motion to Amend at ECF No. 37-1, pp. 3-11); (2) there were errors in the grand jury proceedings because an investigator employed by the Office of the Denver District Attorney was present during the proceedings in violation of Colo. R. Crim. P. 6.5(a) and (b), and prejudicial remarks were made by a grand jury member and the prosecutor, and that "c.r.s. 63-40-7-46 and colo. rule of criminal procedure 12(b)" are vague and unconstitutional (Amended Application at ECF No. 7, pp. 14-15; Motion to Amend at ECF No. 37-1, pp. 11-27); and (3) that the state violated the Interstate Agreement on Detainers Act (IADA) by not conducting his trial within the 180-day time frame (Amended Application at ECF No. 7, pp. 17-18; Motion to Amend at ECF No. 37-1, pp. 27-30).

As discussed above, during the initial review of this case, Mr. Nunn was given

the option to either (1) dismiss his unexhausted claims and proceed with his two exhausted claims; or, if his wished to pursue all of his claims in federal court, (2) allow the current action to be dismissed without prejudice as a mixed petition so that he may exhaust state remedies as to the unexhausted claims and then file a new application asserting all of claims.  These options were made clear in the Court's Orders to Show Cause, issued July 2, 2009 [ECF No. 21] and July 22, 2009 [ECF No. 23].  In his response to the second show-cause order, filed on July 28, 2009 [ECF No. 24], Mr. Nunn clearly indicated that he wished to dismiss voluntarily his unexhausted claims and proceed with his exhausted claims.  To allow Mr. Nunn to come back and amend his application with the very same claims he previously elected to dismiss would be inconsistent with the exhaustion requirements set forth in 28 U.S.C. § 2245, and the Supreme Court's treatment of mixed petitions set forth in *Rose v. Lundy*, 455 U.S. 509, 533 (1982).  It would encourage "piecemeal litigation," and thwart the AEDPA's goal of "streamlining federal habeas proceedings."  *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (citing  *Duncan v. Walker,* 533 U.S. 167, 180 (2001); *Rhines v. Weber,* 544 U.S. 269, 277 (2005)).  I find that Mr. Nunn may not amend this application to re-assert claims one, two and three.

Moreover, upon review of the documents submitted in Mr. Nunn's newly filed case no. 10-cv-02415, it appears the three claims discussed above, as well as his new claim under the criminal impersonation statute, C.R.S. § 18-5-113(1) and his new claim for ineffective assistance of counsel, have not been properly exhausted and are procedurally barred from federal habeas review.

In order to obtain federal habeas review of his claims, Mr. Nunn must exhaust his

available state remedies before raising his claims in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). A claim has been exhausted when it has been "fairly presented" to the state court. *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 2994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Mr. Nunn bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992).

While failure to exhaust has not been asserted by Respondents with respect to Mr. Nunn's most recent motion to amend in this case, "a federal habeas court can always raise procedural bar *sua sponte*." *Romano v. Gibson*, 239 F.3d 1156, 1168 (10th Cir. 2001). Moreover, Respondents did assert procedural bar in connection with their pre-answer response filed in case no. 10-cv-02415 on October 19, 2010 [ECF No. 7], and Mr. Nunn filed a reply to the response on October 28, 2010 [ECF No. 9]. Because Mr. Nunn seeks to consolidate this case with newly filed case no. 10-cv-02415, I find it appropriate to review the pleadings filed in that case in resolving the instant motion.

As discussed above, on January 22, 2009, ten days after Mr. Nunn filed the instant application, he filed a third motion for postconviction relief pursuant to Colo. R.

Civ. P. 35(c)(3)(VI)(a), asserting the existence of newly discovered evidence. (Answer, ex. A:52). Specifically, Mr. Nunn asserted that the trial court erred when it allowed the prosecutor to call a witness who repeatedly invoked his Fifth Amendment right not to testify, and the prosecutor knew in advance that the witness would do this. This issue was raised by Mr. Nunn as claim 1 in the instant application. On February 18, 2009, the trial court denied the motion finding that Mr. Nunn had "not offered any newly discovered evidence entitling him to a new trial." *People v. Nunn*, 09CA0379, May 27, 2010 (not published pursuant to C.A.R. 35(f)) (hereafter "*Nunn* II").

Mr. Nunn appealed this denial, and on May 27, 2010, the Colorado Court of Appeals found that Mr. Nunn's third motion for postconviction relief was barred under Rule 35(c)(3)(VII), and that Mr. Nunn did not actually present any "newly discovered evidence," in his motion. (*Nunn* II, at 2-3). Rule 35(c)(3)(VII) requires a state district court to deny any claims that could have been brought in an earlier appeal or postconviction proceeding.

Mr. Nunn also asserted on appeal (1) that the trial court violated his constitutional right to due process by not bringing him to trial within the time limit set forth in the Interstate Agreement on Detainers, C.R.S. § 24-60-501 (claim 3 in the instant application); (2) that the grand jury proceedings and subsequent indictment in the underlying criminal case were unconstitutional (claim 2 in the instant application); and (3) that the unconstitutional grand jury proceedings and indictment were the result of ineffective assistance of counsel (a newly asserted claim). (*Nunn* II, at 3-4). The Colorado Court of Appeals did not reach any of these issues because Mr. Nunn failed to raise them in his postconviction motion before the trial court. The Colorado Court of

Appeals also found that the first two issues were barred under Rule 35(c)(3)(VII) because they could have been raised on direct appeal.

Based upon my review of the state court proceedings, I find that all of the five claims Mr. Nunn seeks to add to the instant application, either through amendment or consolidation with newly filed case no. 10-cv-02415, are either unexhausted or procedurally barred. If a habeas petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred," then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 755 n. 1. Here, no further state court remedy with respect to any of the claims he seeks to add to this case because those claims have been, or would be, denied as successive under Colo. R. Crim. P. 35(c)(3)(VII). A federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted).

Here, the Colorado Court of Appeals in *Nunn* II did not reach the substance of any of Mr. Nunn's claims and expressly found his claims were procedurally barred under Rule 35(c)(3)(VII). While Mr. Nunn did not attempt to raise his newly asserted criminal impersonation claim in *Nunn* II, I find that the Court of Appeals would similarly find this claim to be procedurally barred. Moreover, Mr. Nunn's reply in newly filed case

no. 10-cv-02415 does not provide any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, I find and conclude that Mr. Nunn's motion for leave to amend should be denied, and that his newly asserted claims are properly dismissed as procedurally defaulted.

VI.  Motion to Compel and Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

Finally, on February 2, 2011, Mr. Nunn filed a motion to compel Respondents to respond to certain allegations and arguments. The allegations and arguments contained in the motion to compel concern the same issues address herein. Respondents have already responded to these allegations and there is no reason for me to "compel" any additional briefing. Mr. Nunn also filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, stating that he has asserted allegations in this case that demonstrate his confined illegally and entitled to relief. Again, he requests that I compel Respondents to provide him with certain transcripts that will further substantiate his claims. Relief pursuant to 28 U.S.C. § 2241 is only appropriate when a prisoner challenges the fact or duration of the execution of his sentence, rather than the validity of his underlying sentence or conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Here, all of the allegations asserted by Mr. Nunn in this case challenge the validity of his underlying conviction. Therefore, he is not entitled to relief pursuant to 28 U.S.C. § 2241 based on the claims asserted in this case.

VII.  CONCLUSION:

Accordingly, for the reasons set forth herein, it is hereby

ORDERED that Applicant Rayfeal R. Nunn's *pro se* amended application for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed February 24, 2009 [ECF No. 7] is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Applicant's Motion for Leave to Amend, filed October 28, 2010 [ECF No. 37] is **DENIED**.  It is

FURTHER ORDERED that Applicant's Motion to Compel, filed February 2, 2011 [ECF No. 41] is **DENIED**.  It is

FURTHER ORDERED that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed February 2, 2011 [ECF No. 42] is **DENIED**.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  The denial of a certificate of appealability is appropriate in this case.

Dated:  February 4, 2011

                                       BY THE COURT:

                                       s/ Wiley Y. Daniel
                                       Wiley Y. Daniel
                                       Chief United States District Judge